

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*300 Quarropas Street*
*New York, New York 10601*

November 14, 2017

**BY ECF**
Honorable Kenneth M. Karas
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, NY 10601-4150

      Re:   *United States v. Scott*, et al., 16 Cr. 0626 (KMK)

Dear Judge Karas:

      We write respectfully on behalf of the United States (the "Government") in response to the Court's request yesterday for further information concerning the different jury instructions the parties have proposed for the second element of Count Two, Deprivation of a Federal Right.

      The defendants' proposed instruction, totaling only three sentences, provides insufficient information to the jury. While the defendants' propose instruction states that the Government must prove a deprivation of Kevin Moore's Eighth Amendment right to be free from uses of unreasonable force and cruel and unusual punishment, it fails to offer the jury any guidance whatsoever on how to determine whether such a deprivation occurred. ECF No. 40 at 18-19. Conversely, the Government's proposed instruction, ECF No. 44 at 17-18, seeks to provide such guidance, explaining the factors that courts, including the Second Circuit, have indicated should be considered in determining whether there has been a deprivation of a federal right. *See, e.g.*, *United States v. Walsh,* 194 F.3d 37, 47 (2d Cir. 1999) (factors include "the need for the application of force, the relationship between the need and amount of force that was used, the extent of the injury inflicted, and whether the force was applied in a good-faith effort to restore discipline or sadistically for the purpose of causing harm"); *United States v. Cobb,* 905 F.2d 784, 788 (4th Cir. 1990) (same). While the Government cited a number of authorities involving constitutional rights of pre-trial detainees, those authorities apply with equal force to the rights of sentenced prisoners. *See Santiago v. C.O. Campisi Shield No. 4592,* 91 F. Supp. 2d 665, 672 (S.D.N.Y. 2000) ("the Second Circuit applies the same standard to all excessive force claims, whether raised by a prisoner under the Eighth Amendment, or by a pre-trial detainee under the Fourteenth Amendment") (citing *Walsh,* 194 F.3d at 48)). Accordingly, the Court should adopt the Government's proposed instruction.

Hon. Kenneth M. Karas
November 14, 2017
Page 2

      We thank the Court for considering this submission.

                              Respectfully submitted,

                              JOON H. KIM
                              Acting United States Attorney

By:     */s/ Pierre G. Armand*
         PIERRE G. ARMAND
         ANDREW S. DEMBER
         Assistant United States Attorneys
         Tel:   (212) 637-2800
         Email: pierre.armand@usdoj.gov
                  andrew.dember@usdoj.gov

cc:     All Counsel