UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES,

-v-

CARSON MORRIS,

        Defendant.

Case No. 16-CR-626 (KMK)

ORDER

KENNETH M. KARAS, District Judge:

  On November 1, 2017, Defendant Carson Morris pled guilty to all four counts of the Indictment, including a violation of 18 U.S.C. § 242, based on the deprivation of Kevin Moore's constitutional right to be free from the use of excessive force amounting to the infliction of cruel and unusual punishment, thereby causing him bodily injury. (Dkt. No. 2.) The Court has reviewed the letters filed under seal by Defendant and the Government regarding the issue of whether, in light of his guilty plea, Defendant should be remanded pending sentencing pursuant to 18 U.S.C. § 3143(a).

  Section 3143(a) states that the Court "shall order that a person who has been found guilty of an offense in a case described in [18 U.S.C. § 3142(f)(1)(A)] and is awaiting imposition or execution of sentence be detained unless" one of two exceptions applies: (1) the Court "finds there is a substantial likelihood that a motion for acquittal or new trial will be granted;" or (2) "an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and . . . the [Court] finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community." § 3143(a)(2).

  Section 3142(f)(1)(A) includes offenses which constitute "a crime of violence." § 3142(f)(1)(A). The term "crime of violence" in § 3142 means "an offense that has as an element of the offense the use, attempted use, or threatened use of physical force against the person or property of another," or "any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 3156(a)(4)(A), (B).

  The Court finds that 18 U.S.C. § 242 is a "crime of violence" because the willful deprivation of the right to be free from the use of excessive force amounting to infliction of cruel and unusual punishment that results in bodily injury is a felony that, by its nature, involves a substantial risk that physical force against the person of another may be used in the course of committing the offense. *See* § 3156(a)(4)(B); *United States v. Lavalle*, 269 F. Supp. 2d 1297, 1301-02 (D. Colo. 2003) (finding § 242 is a crime of violence for § 3143(a)(2) purposes).

Defendant argues that the definition of "crime of violence" in § 3156(a)(4)(B) is unconstitutionally vague because it is "substantially the same" as the language of the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B), struck down in *Johnson v. United States*, 135 S. Ct. 2551 (2015). (Def. Letter at 1–2.) However, the Second Circuit has since held that the *Johnson* Court's analysis of the residual clause does not apply to a definition of "crime of violence" identical to the one found in § 3156(a)(4)(B). *See United States v. Hill*, 832 F.3d 135, 146–48 (2d Cir. 2016) (holding that *Johnson* is "inapplicable to the risk-of-force clause" in 18 U.S.C. § 924(e)(2)(B)(ii) that is identical to § 3156(a)(4)(B)).

Because neither of the exceptions in § 3143(a)(2) applies here, and because Defendant's argument that the statute requires that the Government specifically request detention is not supported by the text of the statute, (*see* Def. Letter at 2–3), Defendant qualifies for remand under the statute.

However, Defendant "may nevertheless be released if (1) the district court finds that the conditions of release set forth in § 3143(a)(1) have been met, and (2) it is clearly shown that there are exceptional reasons why [Defendant's] detention would not be appropriate." *United States v. Lea*, 360 F.3d 401, 403 (2d Cir. 2004) (alteration and internal quotation marks omitted); 18 U.S.C. § 314(c). Defendant argues that he has "been totally compliant with pretrial services" while free on bail, and that there are "exceptional reasons" why his detention would not be appropriate. (Defs. Letter at 3– 4.) Specifically, Defendant lists three exceptional circumstances: (1) unwarranted disparity between himself and the two cooperating witnesses who pleaded guilty to the same charges and were not remanded; (2) his status as a corrections offer increases the danger to his safety while detained; and (3) his symptoms of a specified medical condition require significant dietary restrictions. (*Id.*)

Even assuming Defendant is eligible for release pursuant to § 3143(a)(2), however, he has not shown "a unique combination of circumstances giving rise to situations that are out of the ordinary." *Lea*, 360 F.3d at 403 (internal quotation marks omitted). Rather, Defendant cites circumstances that are not rare or uncommon for convicted defendants. *See, e.g., United States v. Lippold*, 175 F. Supp. 2d. 537, 540 (S.D.N.Y. 2001) (explaining that "purely personal" reasons are rarely exceptional); *United States v. Bloomer*, 791 F. Supp. 100, 102 (D. Vt. 1992) (finding that defendant's "medical condition (Bell's palsy)" was insufficiently exceptional); *cf. United States v. Rentas*, No. 09-CR-555, 2009 WL 3444943, at *2 (S.D.N.Y. Oct. 26, 2009) (finding exceptional circumstance when the "[d]efendant offered to and did cooperate with the government in [the] investigation," and played only minor "role in the conspiracy"). That Defendant will require special housing considerations does not alone render his situation exceptional. Nor does a disparity with other defendants justify keeping Defendant on bail, as the other two Defendants named in this Indictment were remanded immediately after conviction.

2

Therefore, the Court orders that Defendant surrender himself to the U.S. Marshals Service office in the Southern District of Florida by 12 p.m. noon on Wednesday, November 22, 2017 so that he can be remanded pending sentencing.

SO ORDERED.

DATED:     November 20, 2017
           White Plains, New York

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE

3